NEW YORK COUNTY.—HON. D. G. ROLLINS, SURRO-
GATE.—November, 1886.

## MATTER OF LIPPINCOTT.

*In the matter of the estate of* HANNAH A. LIPPIN-
COTT, *deceased.*

Motion costs, awarded against an executor or administrator, cannot be
collected by proceedings to punish as for contempt of court. The
remedy is by execution, as prescribed by Code Civ. Pro., §§ 779, 2556.

APPLICATION to punish administrator and his coun-
sel for contempt.

GEO. W. VAN SLYCK, *for petitioner.*

OLIVER W. WEST, *in person, and for administrator.*

THE SURROGATE.—A decree judicially settling the
account of John D. Fish, as administrator, *c. t. a.*, of
this decedent's estate, and adjudging that he had in his
hands as such administrator the sum of $1,223.98 was
entered on the 14th day of August, 1885. This de-
cree directed the retention by the accounting party
of $507.61 as commissions, and allowed him, as costs
and counsel fees on his accounting, the sum of $295.
It directed the distribution of the balance among cer-
tain specified legatees. Upon the motion of S. T.
Lippincott, who claimed to be interested in the estate,
this decree was set aside by an order entered on Sep-
tember 18th, 1885, by which order $10 costs were
allowed in favor of the moving party, against the ad-
ministrator. On October 8th, 1885, an order was
entered whereby a referee was appointed to pass upon

the account.   The administrator subsequently moved
to strike out the objections of S. T. Lippincott.   His
motion was denied on March 18th, 1886, with $10 costs.

On the same day, the order of reference was so
amended as to provide that if, in the opinion of the
referee, it should be practicable so to do, he should
in the first instance ascertain whether the objector,
Lippincott, had any interest in the estate.   On June
3d, 1886, leave was granted to issue execution for
the costs above referred to, and the order granting
such leave allowed the applicant $10, costs in addi-
tion.   Thereupon an execution issued, which was sub-
sequently returned unsatisfied.   An application is now
made in behalf of S. T. Lippincott to punish the ad-
ministrator and his counsel for contempt in wrong-
fully paying out the funds of the estate, " under the
provisions of a decree which had been obtained by a
fraud upon the court and has subsequently been set
aside," and for the interposition of " his own wrong
as an excuse for not paying the costs," etc.

In opposition to this application, the administrator
has filed an affidavit denying any misconduct in pro-
curing the entry of the decree, and alleging that while
it was in full force and effect he distributed the bal-
ance in his hands pursuant to its directions.   No ap-
plication has been made for the restoration of any of
the moneys so paid out, and no steps have been taken
to contest the account before the referee, though more
than a year has elapsed since the reference was or-
dered.   The conduct of the administrator and his
counsel in connection with the entry of the decree
seems to be again pressed upon my attention merely

as a make-weight to the application to punish the administrator for contempt in neglecting to pay the $30 costs.   The manner of collecting motion costs in this court is declared by § 2556 of the Code of Civil Procedure to be the same as collecting costs upon an order in a Supreme court action.   The reference is to § 779, which provides that the collection of costs upon an order may be enforced by *execution*.

This proceeding must be dismissed, without costs to either party.